UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CORINA U. MARTINEZ, | ) | No. ED CV 04-01459-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff's principal argument is that the ALJ failed to properly

assess her subjective complaints of excess pain. (Motion at 3-7.) In particular, Plaintiff's concern is that the ALJ did not credit the limitations due to pain which she described during her testimony. (Motion at 2.)

In order to provide clarity, the Court will note that the ALJ did not reject outright Plaintiff's complaints of pain. In April 2001, Plaintiff had a pancreatic cyst drained. (AR 14.) Most of the medical records concern this procedure. (AR 117-324.) Indeed, the ALJ's questioning of the vocational expert ("VE") included, within the hypothetical question, the existence of pain in her abdomen and stomach area. The specific extent of pain included in the hypothetical was as follows: "So could hypothetical person number two, with moderate but controlled pain, still be able to do the work of the kitchen helper?" (See, id.) The VE testified that with these limitations, the prior relevant work would be available. (See, id.)

The principal question to be resolved, therefore, is whether Plaintiffs' severity of pain was moderate, controlled by medication, and did not prevent her from engaging in work activities. The ALJ's conclusion from his review of the records was that since the removal of the cyst, follow-up reports describe Plaintiff as doing much better with regard to her pain. Indeed, a follow-up note of June 25, 2002 indicated that Plaintiff was pain-free. (AR 112.) The Court notes that a report of the Loma Linda University Medical Center of October 7, 2002 indicated that Plaintiff's pain is maintained at or below level 3. (AR 274.)

Plaintiff's testimony at the hearing certainly indicated a far more severe subjective pain assessment. She complained, for example, of blurry vision; however, medical records of her treating physician

2

1  dated September 11, 2002 fail to substantiate any such condition. (AR
2  344.)  Similarly, although she testified to suffering from chest pain,
3  her ECG was normal. (AR 34, 423.)   She had normal results from
4  examinations of her liver, spleen, stomach and kidney. (AR 425, 432-
5  433, 452.)  Complaints as to her back pain were correlated with her
6  menstrual cycle. (AR 366.)  None of her treating physicians' clinical
7  notes report the complete disabling fatigue and weakness which she
8  claimed in her testimony. (AR 43.)

9        There were also substantial contradictions between her testimony
10 and her prior self-reporting of her activities of daily living
11 ("ADL's").  For example, although she testified that she spent her day
12 substantially resting or in bed, her "Daily Activities Questionnaire"
13 indicated that she was far more active with household activities. (AR
14 91-92.) Other contradictions abound.  For example, she testified that
15 her husband never left the house, but in her Questionnaire, she
16 testified that her husband drives her around to go shopping. (AR 43,
17 90.)   All  of  these  obvious  contradictions  are  relevant  to
18 determination of credibility.  See Thomas v. Barnhart, 278 F.3d 947,
19 958 (9th Cir. 2002).

20      Thus, the ALJ's determination that Plaintiff suffered from
21 moderate pain which was largely controlled by medication following her
22 surgical procedure is well substantiated by the record.  Conditions
23 that are controlled by medication do not support a finding of
24 disability.  See Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983).
25 The ALJ did not dismiss Plaintiff's pain complaints, as noted.
26 Rather, he rejected her subjective assessments that her pain caused
27 her to have almost no functional abilities in her ADL's.  These
28 complaints are not only unsupported by the objective evidence, but

1  they are contradicted in substantial fashion by other evidence, such
2  as Plaintiff's own self-assessments.
3      For the foregoing reasons, the Court finds that the ALJ's
4  assessment of Plaintiff's pain is substantiated by the record, and
5  will not be disturbed.  Plaintiff's Motion for Summary Judgment is
6  **DENIED,** the Commissioner's Cross-Motion for Summary Judgment is
7  **GRANTED,** and the matter will be dismissed with prejudice.
8      **IT IS SO ORDERED.**

10 DATED: September 13, 2005

12                                          /s/
                                   VICTOR B. KENTON
13                                 UNITED STATES MAGISTRATE JUDGE

4